16280

EARLE v. GREENVILLE COUNTY *ET AL.*

(56 S. E. (2d) 348)

*Mr. J. D. Todd, Jr.,* of Greenville, *for Appellant, Greenville County,*

540

*Mr. Julien D. Wyatt,* of Pickens, *for Respondent, Pickens County,* 

*Messrs. Harold R. Boulware,* of Columbia, *and Franklin H. Williams, Thurgood Marshall and Constance Baker Motley,* of New York, *for Respondent,* 

November 12, 1949.

STUKES, Justice.

This action was brought against the named counties by complaint in which it was alleged that plaintiff's intestate was arrested by officers of Pickens County on Feb. 16, 1947, in connection with the stabbing and robbing of one Thomas W. Brown and incarcerated in the county jail; a large number of persons gathered there in the early morning hours of Feb. 17th and, acting upon the suspicion that plaintiff's intestate was guilty of the crime, with force of arms broke into and entered the jail and took him therefrom and from the custody of the law enforcement officers of that county; the mob then took plaintiff's intestate into Greenville County and within its boundaries lynched and put him to death unlawfully by shooting, beating and stabbing him. It is recited that the action is brought against both counties for the sum of $5,000.00 pursuant to the provisions of Art. VI, sec. 6, Constitution of 1895, and sec. 3041 of the Code of 1942,

and the prayer is for judgment for the stated amount against each of the counties.

The cited constitutional provision follows: "In all cases of lynching when death ensues, the County where such lynching takes place shall, without regard to the conduct of the officers, be liable in exemplary damages of not less than two thousand dollars to the legal representatives of the person lynched."

Code sec. 3041, in applicable part, is substantially the same, as follows: "In all cases of lynching when death ensues the county where such lynching takes place shall, without regard to the conduct of the officers, be liable in exemplary damages of not less than two thousand dollars, to be recovered by action instituted in any court of competent jurisdiction by the legal representatives of the person lynched, and they are hereby authorized to institute such action for the recovery of such exemplary damages."

Pickens County demurred upon the ground that no cause of action was stated as to it because the complaint alleges that the lynching and death occurred in Greenville County, and further that if the court should hold to the contrary then the complaint contains an improper joinder or causes of action, to wit, one against Pickens County and another against Greenville County.

Similar demurrer was interposed by Greenville upon the contention that it appears from the complaint that the alleged lynching did not take place in that county. Alternative ground was also set forth that if the complaint stated a cause against Greenville County, it was improperly united with the stated cause of action against Pickens.

The circuit court sustained the demurrer of Pickens County upon the general ground, dismissed the complaint as to it, and overruled the demurrer of Greenville County, thereby leaving only the cause of action against that county and it became unnecessary to pass upon the second ground of the

demurrer of the latter because there was left in the complaint only the stated cause of action against Greenville.

Plaintiff did not appeal so the propriety of the sustention of the demurrer of Pickens County need not be examined upon this review of the order. Our inquiry is thus limited to whether the complaint states a cause of action against Greenville County.

There is no prior decision upon similar facts, that is, no former case deals with a situation where a mob assembles in one county and seizes a prisoner charged with crime, takes him into another county and there puts him to death. However, we have the rule of liberal construction which was strongly stated in *Kirkland v. Allendale County,* 128 S. C. 541, 123 S. E. 648, 650. It was there said that there should be, quoting "a liberal interpretation to the end that the remedy * * * should not be denied in any case which comes substantially within the spirit of the law." The constitutional and statutory provisions are that the liability for lynching when death ensues is upon, quoting, "the County where such lynching takes place * * *." It is quibbling to say that the complaint fails to allege a lynching in Greenville County. According to the allegations, the mob was there in forcible and illegal possession of the victim and there unlawfully inflicted death wounds upon him.

Appellant ingeniously argues the definition of lynching contained in *Kirkland v. Allendale County, supra,* and repeated in *Green v. Greenville County,* 176 S. C. 433, 180 S. E. 471, and contends that because all of the stated elements are not alleged to have arisen in Greenville County in this case, the complaint is demurrable. But to yield to the argument would result in a narrow view of the import of the law rather than the liberal construction to which the court is committed. It cannot soundly be followed.

It was said in the cases cited *supra,* that the word "lynch" has no technical legal meaning. Definitions by other courts are found in 25 Words and Phrases, Perm. Ed., pages 741,

742. The briefest is: "Mob vengence upon persons suspected of crime." *Barnes v. City of Chicago,* 237 Ill. App. 464. The origin of the term is interestingly traced in *State v. Aler,* 39 W. Va. 549, 20 S. E. 585, 588, to a Revolutionary Virginia county judge, named Lynch, who meted out summary "justice" in capital cases which he deemed justified by the war conditions and the almost insuperable difficulties of travel to Williamsburg which was the seat of the only court of competent jurisdiction in the new commonwealth of Virginia.

So much of the order as overruled the demurrer of Greenville County is affirmed. The portion of its relating to Pickens County was not appealed and as to it no opinion is expressed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.