## KEITH BRAGDON *vs.* GEORGE DINSMORE.

Essex.   December 9, 1942. — December 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Guest, Gratuitous undertaking, Motor vehicle.

One, who was a guest of the operator of an automobile in a journey to a public hall for a social occasion, did not cease to be so when, upon his offer to help the operator in parking at the hall being accepted, he got out of the automobile and went to the front of it, where he was injured through negligence of the operator.

TORT.   Writ in the Central District Court of Northern Essex dated January 14, 1942.

The case was heard by *Cavan*, J., who found for the plaintiff.

*J. J. Mulcahy*, for the defendant.

*W. M. Espovich & D. E. Nicholson*, for the plaintiff, submitted a brief.

DOLAN, J.   This action of tort to recover compensation for personal injuries comes before us on the defendant's appeal from an order of the Appellate Division dismissing the report of the judge.

There was evidence that on October 4, 1941, the defendant drove his automobile to the plaintiff's home where the latter and his wife entered the vehicle.   By prearrangement, they and the defendant were to attend a beano party, to be held in Eagles Lodge Hall on West Street, Haverhill. It was the intention of all three "to attend the beano game in the afternoon, have supper together, and then to go home in the defendant's car.   It was a social occasion. Each . . . was to pay his own cost for playing beano and eating supper."   Arriving at a parking area on West Street adjacent to the "Lodge Hall," the defendant started to park his vehicle in a space between two other parked automobiles.   He had some difficulty in so doing and "went

forward and backed up a couple of times, but could not get in." The plaintiff said, "Do you want me to help you?" and the defendant said, "Yes." The plaintiff then "got out and went around to the front of the car." As he stood, with his face toward the front of the defendant's vehicle and with his back to one of the parked automobiles, the defendant "who was stopped about four or five feet away from the plaintiff, suddenly shot forward and pinned the plaintiff to the rear of . . . [a] parked car," causing the injuries complained of. "There was evidence the defendant was negligent" and that his negligence caused the plaintiff's injuries.

The judge granted all of the plaintiff's requests for rulings to the effect, so far as here material, that the "host and guest relationship between the plaintiff and the defendant had ceased at the time of the accident." He denied the requests of the defendant, in substance, that at the time of the plaintiff's injury the relationship just referred to had not ceased, and that the "plaintiff cannot recover unless on proof of gross negligence." The judge granted the defendant's request for a ruling that as matter of law there was "no evidence that the defendant was guilty of gross negligence." In connection with his action upon the requested rulings, the judge found certain of the facts hereinbefore set forth as disclosed by the evidence and further found that in "the act of turning the front wheels of . . . [the] automobile, the defendant's foot slipped from the brake pedal to the accelerator," thus causing the automobile to bound forward and injure the plaintiff. The judge also found that the "gratuitous undertaking, which the defendant assumed, ended when the plaintiff got out of the automobile at . . . [the] parking area," that the defendant was negligent, that the plaintiff was in the exercise of due care at the time of the accident, and found for the plaintiff.

The decisive question is whether at the time of the accident the plaintiff was a mere guest, in which event the defendant would not be liable in the absence of gross negligence; or whether that relationship had ceased, in which

case the defendant would be liable if guilty of ordinary negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Lyttle* v. *Monto*, 248 Mass. 340, 341. *Comeau* v. *Comeau*, 285 Mass. 578. *Ruel* v. *Langelier*, 299 Mass. 240. In the *Ruel* case it was said at page 242, that the ".degree of the defendant's duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant's automobile or outside of it, or upon whether in everyday language she would be described as a guest. The degree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed."

In the instant case the evidence discloses that there was a definite arrangement, entirely gratuitous, to transport the plaintiff and his wife to the hall in question; that they and the defendant were to attend the beano game, have supper, and thereafter the plaintiff and his wife were to be driven home by the defendant in his automobile. It would seem obvious that the parking of the automobile was necessarily incidental to the accomplishment of the gratuitous undertaking, in order to carry out its prearranged purpose. *Head* v. *Morton*, 302 Mass. 273. *Donahue* v. *Kelley*, 306 Mass. 511. *Ethier* v. *Audette*, 307 Mass. 111. The case of *Fone* v. *Elloian*, 297 Mass. 139, relied upon by the plaintiff, is distinguishable on the facts. In that case the outward journey to a pond had been completed, the truck involved had been parked for ten minutes after its arrival, and "Everyone [had] got off . . . no further journey was immediately contemplated . . . [and] The plaintiff was free to go where he chose and to do as he wished." (Pages 139–140.) In the present case the outward journey had not been ended, the automobile had not been parked, and the gratuitous undertaking had not been completed in an essential part. The action of the judge in granting the plaintiff's requested rulings, that the relationship of host and guest between the parties had ceased at the time of the accident and that proof of gross negligence was not essential to recovery, and in

denying the defendant's requests to the contrary, was erroneous.

*Order of the Appellate Division reversed.*
*Judgment to be entered for the defendant.*