LILLIAN M. ADAMS *vs.* WINFIELD K. BAKER
(and a companion case[1]).

Middlesex.     February 5, 1945. — February 28, 1945.

Present: FIELD, C.J., QUA, DOLAN, & SPALDING, JJ.

*Negligence,* Guest, Gratuitous undertaking, Motor vehicle.

Evidence that one, who had been riding as a guest of the operator of an automobile, upon returning to the defendant's premises started to leave the automobile, "put" one "foot down and went down into a hole" and was injured, required findings that he had not fully alighted at the time of the injury and that the gratuitous undertaking had not then terminated.

TWO ACTIONS OF TORT. Writs in the Superior Court dated January 19, 1942.

The cases were tried together before *Morton,* J.

*J. A. Daly,* for the plaintiffs.

No argument nor brief for the defendant.

DOLAN, J. These actions of tort to recover compensation, in the first case, for personal injuries alleged to have been caused by the defendant's negligence and, in the second case, for consequential damages, come before us on the plaintiff's exception to the allowance of the defendant's motion in each case for a directed verdict.

The evidence in its aspect most favorable to the plaintiffs would have warranted the jury in finding the following facts. The husband of the female plaintiff, hereinafter called the plaintiff, had been a tenant of the defendant in his two-family house for about seven years before June 12, 1941. On that day the plaintiff accepted an invitation to ride with the defendant and his wife and daughter in the defendant's automobile. After paying some visits, they returned to the defendant's premises where he brought the automobile which he had been operating to a stop in his driveway. The plaintiff started to leave the automobile by the right door. She "put her right foot down and went down

---

[1] The companion case is Benjamin Adams *vs.* Winfield K. Baker.

into a hole; she fell right straight down" and was injured. The hole was on the edge of the right hand strip of concrete going into the defendant's garage. The hole was circular in shape, about six inches in diameter and three inches deep. It was partly in the concrete and partly in the soil. The plaintiff had never been upon the driveway before and had never seen the hole before the accident.

No recovery is sought by the plaintiffs on any principles involving the relationship of landlord and tenant, nor on the ground that the defendant was grossly negligent. Their right to recover, if at all, must be based upon the proposition that the gratuitous undertaking had ceased at the time of the accident, and that the relationship of the plaintiff and the defendant was no longer that of guest and host, as those words are commonly used in cases such as the present ones. The plaintiffs so contend.

There was no error in the action of the judge in allowing the defendant's motions for directed verdicts. Upon the evidence the jury would have been obliged to find that the plaintiff was partly in or upon the defendant's vehicle at the time of the accident, and that the gratuitous undertaking had not then terminated. The present cases are governed by such cases as *Head* v. *Morton*, 302 Mass. 273, and cases there cited. In the *Head* case the plaintiff was injured while she had her hand on the door of the automobile and one foot on the curbing and the other in the air as she started to enter the vehicle as a guest of the defendant, and it was held that the relationship of gratuitous guest and host had then begun. In the present cases the jury would be required to find that the plaintiff had not fully alighted from the defendant's automobile at the time of the accident. The stopping of the automobile and the departure of the plaintiff therefrom were necessary to the conclusion of the gratuitous undertaking. In principle the present cases are indistinguishable on the facts from the *Head* case. See also *Massaletti* v. *Fitzroy*, 228 Mass. 487; *Ruel* v. *Langelier*, 299 Mass. 240, 242; *Ethier* v. *Audette*, 307 Mass. 111; *Bragdon* v. *Dinsmore*, 312 Mass. 628, 630. The case of *Fone* v. *Elloian*, 297 Mass. 139, is not controlling.

*Exceptions overruled.*