No. 37,584

JESSIE R. MARSH, *Appellant*, v. HENRY B. HOGEBOOM and LENA S. HOGEBOOM, *Appellees*.

(205 P. 2d 1190)

Opinion filed May 7, 1949.

*David Praeger*, of Topeka, argued the cause, and *Edward Rooney, Jacob A. Dickinson* and *Lawrence J. Richardson*, all of Topeka, were with him on the briefs for the appellant.

*Ralph W. Oman*, of Topeka, argued the cause, and *Robert Stone, James A. McClure*, and *Robert L. Webb*, all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order sustaining a demurrer to a petition.

The petition, after stating the plaintiff, Jessie R. Marsh, and the defendants, Henry B. Hogeboom and Lena S. Hogeboom, were all residents of Shawnee county, further alleged:

"That on or about the 17th day of December, 1945, at about 5:15 P. M. the defendant, Lena S. Hogeboom was driving a Ford Coupe owned by the said defendant, Dr. Henry B. Hogeboom, on Harland Court street in the city of Topeka; that the plaintiff was riding in said automobile; that defendant, Lena S. Hogeboom drove the said automobile as aforesaid and stopped at the foot

of the driveway in front of the plaintiff's home located at 3112 Harland Court, Topeka, Kansas; that thereupon the plaintiff opened the right-hand door of said Ford coupé and stepped out of the same onto the pavement; that at the time and place aforesaid, it had been snowing and the street and driveway in front of plaintiff's residence was covered with snow and ice; that after plaintiff got out of said automobile and as she was standing on the street as aforesaid she placed her right hand upon the handle of the right door of said automobile and attempted to close it; that as plaintiff was closing said door which the defendant Lena S. Hogeboom knew or by the exercise of reasonable care should have known, the defendant, Lena S. Hogeboom suddenly and without warning to the plaintiff, recklessly and carelessly and negligently drove her automobile ahead, catching plaintiff's right hand in the handle of the right door of said car, throwing the plaintiff off balance and throwing plaintiff to the ground, causing her to suffer severe bodily injuries and pain and suffering as hereinafter alleged.

"Plaintiff further alleges: That the legal, immediate and proximate cause of the bodily injuries suffered by the plaintiff was the negligence of the defendant, Lena S. Hogeboom in driving her automobile as aforesaid."

The defendants challenged the petition by separate demurrers on the ground it did not state facts sufficient to constitute a cause of action. The demurrers were sustained and from that ruling plaintiff appeals.

Only the order sustaining the demurrer of the defendant, Lena S. Hogeboom, the driver of the car, is presented on appeal. It is agreed the sole issue raised before and decided by the district court was whether under the allegations of this particular petition the plaintiff, at the time of injury, was a guest of the defendant, Lena S. Hogeboom, within the meaning of the guest statute. (G. S. 1935, 8-122b.) We shall, therefore, refer to Lena S. Hogeboom as the appellee. Our guest statute reads:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death, or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

Appellant contended below and argues here the guest statute is not applicable for the reason (1) the petition discloses the gratuitous undertaking which appellee, the host, had assumed was terminated and at an end at the time the alleged negligent act of the host occurred, and (2) appellant, therefore, was not obliged to allege gross and wanton negligence.

The parties agree if appellant's contention (1) is good the order sustaining the demurrer was wrong and if that contention is not

good the ruling was proper. The trial court concluded the guest relationship had not terminated at the time of the alleged negligent act; that it constituted too strict a construction of the guest statute to hold the words, "That no person who is transported," were intended to mean, "No person who is *being* transported."

This particular kind of case is one of first impression in this state under our guest statute. It seems to us the parties are in rather substantial agreement relative to the principle of law involved but, as is sometimes the case with courts, they differ in the application of the rule to the facts. The parties rely, in part, upon the same cases. The guest statutes of all states are not identical with the result that obviously some of the decisions appear in conflict while in reality some of them are not so in principle. It must, however, be conceded the decisions are not all in harmony with respect to precisely when the guest and host relationship commences or terminates. This is the turning point of the lawsuit.

We are informed by the parties that the states of Pennsylvania and Massachusetts have no guest statutes or had none at the time cases cited from those jurisdictions were decided. Both parties, however, agree that the Massachusetts decisions in particular are of great value for the reason they deal with the fundamental principle governing the duties of a gratuitous bailee. Both parties, therefore, agree that a defendant's, a host's, duty depends upon whether the claimed act of the host's negligence was an act performed in the course of carrying out the gratuitous undertaking which the host had assumed.

Appellant's counsel, in substance, argues the petition discloses: The vehicle had stopped in front of the guest's home; the vehicle was, therefore, no longer moving; the gratuitous transportation had ended; another and separate journey had begun when the alleged negligent act of the host occurred. In support of the contention the gratuitous undertaking had ended she relies primarily on the following cases from states with guest statutes: *Moreas v. Ferry,* 135 Cal. App. 202, 26 P. 2d 886; *Prager v. Isreal,* 15 Cal. 2d 89, 98 P. 2d 729; *Harrison v. Gamatero,* 52 Cal. App. 2d 178, 125 P. 2d 904; *Hunter v. Baldwin,* 268 Mich. 106, 255 N. W. 431; *Brown v. Arnold,* 303 Mich. 616, 6 N. W. 2d 914; *Puckett v. Pailthorpe,* 207 Iowa 613, 223 N. W. 254. She also relies on the following Pennsylvania and Massachusetts cases decided without a guest statute: *Stewart, Tr., v. McGarvey (et al., Aplnt.),* 348 Pa. 221, 34 A. 2d 901; *Ruel v.*

*Langelier,* 299 Mass. 240, 12 N. E. 2d 735; *Head v. Morton,* 302 Mass. 273, 19 N. E. 2d 22; *Ethier v. Audette,* 307 Mass. 111, 29 N. E. 2d 707; *Bragdon v. Dinsmore,* 312 Mass. 628, 45 N. E. 2d 833, 146 A. L. R. 683; *Adams v. Baker,* 317 Mass. 748, 59 N. E. 2d 701.

Appellee relies primarily upon the following cases in which it was held that, under the facts therein presented, the guest relationship existed and the negligent act which caused injury constituted an incident of either the commencement or the completion of the gratuitous undertaking: *Ruel v. Langelier, Head v. Morton, Ethier v. Audette, Bragdon v. Dinsmore, Adams v. Baker,* omnia supra (Mass.); and *Langford v. Rogers,* 278 Mich. 310, 270 N. W. 692.

We shall not extend this opinion with an analysis of the particular guest statutes involved in the cases cited by the parties or with a detailed recital of the facts which are set out in the various opinions. Some of the guest statutes are substantially the same or similar to ours. Others are quite dissimilar such as those which require that the injury be received by the guest while riding in the vehicle and during such ride. It should also be said the facts in certain of the cases relied upon by the parties differ materially from those alleged in the instant petition. From the opinions in those cases it is not at all clear the courts would have reached the same conclusion under the facts alleged in this petition. In some of them the guest's connection with the vehicle was far more remote at the time of injury than in the instant case and yet it was held the negligent act of the host was nevertheless an incident of the entire gratuitous undertaking in view of the peculiar nature of the venture.

We think every case of this character must of necessity be decided upon its own peculiar facts. It must therefore not be assumed the conclusion we reach in the instant case necessarily means we are adopting similar decisions reached by some courts on materially different facts. We prefer to rest our decisions upon our own statute and the particular facts involved in each case as it may arise.

Did the negligence alleged in the instant petition constitute an incident of the gratuitous undertaking which appellee had assumed? If it constituted such incident it is clear the incident occurred in the course of carrying out the gratuitous undertaking.

Is it reasonable to assume that as a part of completing the

gratuitous undertaking appellee would not be required to permit appellant to disconnect herself from the vehicle? We do not think so. Is it reasonable to assume the closing of the door after appellant alighted was no part of the completion of the undertaking? We think it is not. The alleged negligent act occurred while appellant had her hand on the door handle and was attempting to close the door. Surely a host would not naturally or normally expect a guest to get out of the car and leave the car door open.

Counsel for appellant have made a studious and forceful presentation on the proposition that the *car had stopped* and therefore the transportation of the guest to her home had ended. The contention warrants and has received our serious consideration. But let us see where the contention, if sustained, would lead us. True the car had stopped. But can it properly be said the mere stoppage of the car terminated the entire gratuitous undertaking? Was the driver relieved of all duty to the guest the moment the car was stopped?

Appellant was, of course, obliged to get out of the vehicle after it stopped. Supposing after the vehicle had stopped appellant arose within the car to leave while the motor was running and appellee's foot slipped off the pedal, the car lurched and appellant was injured. Would the gratuitous undertaking have terminated while appellant remained in the car? We do not think so. Or supposing appellant was injured in the same manner after the car had stopped and while appellant had her hand on the *inside* door handle of the car while attempting to open the door, would we say the negligent act was not an incident which occurred in the course of the gratuitous undertaking? We do not think so. It seems to us it would be drawing too fine a distinction to say if the negligent act of the driver occurred after the car had stopped and while the guest was endeavoring to open the door from the inside, the negligence occurred in the course of the gratuitous undertaking but if the negligent act occurred while the guest was endeavoring to close the door from the outside then the negligence did not occur in the course of the gratuitous undertaking. The closing of the door was the natural, the normal act culminating the gratuitous undertaking. The alleged negligence occurred while that act was in progress.

We think the demurrer was properly sustained and the order is affirmed.