Delores Tallios, Appellant, v. Joseph F. Tallios, Appellee.

Gen. No. 45,962.

300

Opinion filed May 11, 1953.   Released for publication June 16, 1953.

BARNEY L. HOLLOWICK, and MARIO F. SENESE, both of Chicago, for appellant.

JOHN J. MORRIS, and V. J. LISS, both of Chicago, for appellee; V. J. LISS, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from a judgment for defendant, her father in law, entered on a verdict and answer of the jury to a special interrogatory finding the defendant not guilty of wilful and wanton conduct in plaintiff's action for personal injuries caused by the negligence or wilful and wanton misconduct of her husband, the son and employee of defendant. On a former appeal to this court (345 Ill. App. 387) we sustained the right of plaintiff to maintain an action against the employer of her husband based on wrongful acts of the latter.

The evidence shows that plaintiff at the invitation of defendant accompanied her husband in a truck driven by him and owned by defendant, on certain business errands for defendant. After the completion of the errands plaintiff and her husband drove to a tavern for a sandwich. They met another couple and, leaving the truck parked at the tavern, went in the

automobile of the second couple to dance at 74th and Chicago avenue. After dancing they returned to the tavern, had something to eat and drink and started home. When near their home plaintiff discovered that she did not have her purse. She could not find it in the truck. Her husband brought the truck to a stop, she backed out of the seat of the truck, opened the door, felt under the seat for the purse and as she reached for the door to close it the truck started. She then had her left foot on the pavement and her right foot on the running board. As the truck shot forward the body of the truck struck her and knocked her down. She received substantial injuries. This testimony is not disputed. The trial court struck the allegations of the complaint charging negligence, ruled as a matter of law that plaintiff was a guest and limited her right of action to wilful, wanton and malicious conduct of her husband as agent and employee of defendant.

██ Our "guest" statute (Ill. Rev. Stats. 1951, chap. 95½, par. 58a [Jones Ill. Stats. Ann. 85.064(1)]) denies a right of action to any "person riding in a motor vehicle as a guest, without payment for such ride," for injury, death or loss, in case of accident, "unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury . . . for which the action is brought." The position taken by plaintiff, as stated in her brief, is: "The plaintiff contends that as the vehicle in which she was riding had come to a complete stop, and she had one foot on the running board and one foot on the pavement and the door was closed and the vehicle had started forward without her that she then was not a guest, and the guest relationship had ended."

Our attention has not been directed to any Illinois decision in which the court had under consideration

302

the applicability of our guest statute to a factual situation analogous to that presented here. In support of her position plaintiff relies principally upon *Prager v. Isreal*, 15 Cal. (2d) 89, *Smith v. Pope*, 53 Cal. App. (2d) 43, and *Puckett v. Pailthorpe*, 207 Iowa 613. These cases hold that the guest statutes under consideration have no application to the rights of action of persons invited to ride as a guest without payment of compensation who sustain injury in the act of entering the vehicle before the journey is commenced, or in leaving the vehicle at the completion of the journey.

Defendant cites *Marsh v. Hogeboom*, 167 Kan. 349, *Head v. Morton*, 302 Mass. 273, and *Ethier v. Audette*, 307 Mass. 111, where the respective plaintiffs were injured while entering the automobile before the commencement of the contemplated journey, or while leaving the car at the termination of the ride. There is no guest statute in Massachusetts. However, in each of the cases cited the plaintiff was in fact a guest of the owner or driver of the automobile and the degree of liability depended "upon whether the act of the defendant claimed to be negligent was performed in the course of carrying out the gratuitous undertaking which the defendant had assumed."

The primary purpose of statutory construction is to ascertain the intention of the legislature, not only from the language used but also from the reason and necessity for the act, the evil sought to be remedied and the objects and purposes sought to be obtained by it. *Schneller v. Schneller*, 356 Ill. 89, *Jones v. Pebler*, 371 Ill. 309, and *People v. Maggi*, 378 Ill. 595. The words of a statute will be interpreted according to their common and popular acceptation and import unless that interpretation will defeat the manifest intent of the legislature. *Barnes v. City of Chicago*, 323 Ill. 203. A situation which is within the object, spirit and meaning of a statute is regarded as within the statute al-

303

though not within the letter. *Burke v. Industrial Commission*, 368 Ill. 554.

Our guest statute is a valid exercise of the police power of the state. *Clarke v. Storchak*, 384 Ill. 564. As to the intent of the legislature in enacting the statute the court said (p. 579):

"That there should be a difference between the liability of a person who, out of the generosity of his heart, renders gratuitously some service to his fellow traveler over those rendering such service for hire and barter, can hardly be questioned. Those who are charitably inclined should not be restrained by fear of the consequences of their own charitable act and the recipients should not be permitted to gain by the generosity of their host. Undoubtedly the legislature, in adopting this act, was aware of the frequency of litigation in which passengers, carried gratuitously in automobiles, have sought the recovery of large sums for injuries alleged to have been due to negligent operation, and where, in the use of the automobile, which is almost universal, generous drivers might find themselves involved in litigation that often turned upon questions of ordinary negligence. It was evidently the intention of the legislature not only to correct this abuse but to promote the best interests of the people in their relation to each other."

A narrow or literal interpretation of the words "person riding in a motor vehicle as a guest, without payment for such ride," limiting the effect of the statute to accidents occurring when a guest is seated in an automobile in motion, would defeat, or at least impair, the purpose of the legislation. To give full effect to the legislative intent a generous owner or driver must be protected at all times that the relation of host and guest exists in connection with the free ride. The beginning and end of that relation is not unlike the beginning and

304

end of the relation of carrier and passenger for hire in a public conveyance. In the latter case the relation begins with the attempt of the passenger to enter the conveyance and ends when he has alighted in safety on completion of the journey. It is not interrupted or terminated by a temporary absence from the conveyance for a reasonable and usual purpose. 10 Am. Jur., Carriers, pages 33, 34, 54 and 56. So, the relation of host and guest between automobile owner or driver and a passenger riding without payment of compensation begins when the guest attempts to enter the automobile, and ends only when he has safely alighted at the end of the ride. Here the ride had not terminated. Plaintiff was injured before she reached her destination. The stopping of the automobile to permit further search for plaintiff's purse and the act of plaintiff in getting out of the car to more effectively make the search, were usual and customary acts incidental to a normal courtesy to plaintiff as defendant's guest. She did not lose her status as a guest.

■■ ■■ Complaint is made of the argument of defendant's counsel. In every instance the objection was sustained. Plaintiff asked no further ruling or action by the trial court. There is no showing of possible damage to plaintiff because of such alleged improper argument. The verdict of the jury and its answer to the special interrogatory are amply supported by the evidence.

The judgment is affirmed.

*Affirmed.*

FRIEND, P. J. and BURKE, J., concur.