SHANNON, Judge.
Appellant-plaintiff, in her complaint, alleged that the defendant in the operation of his automobile struck her while she was a pedestrian. Defendant, in his answer, alleged that the plaintiff was a guest in his car, and in the process of alighting therefrom, was injured; hence, under the guest statute of Florida she would have to allege and prove gross negligence or willful and wanton misconduct. The parties then stipulated the facts to be as follows:
“1. That on March 21, 1957, the plaintiff, Alice LaRue, was a guest passenger in an automobile owned and driven by the defendant, Arthur Hoffman. They were accompanied by a Mrs. Maugieri. They had been for a ride and had returned to Mrs. LaRue’s trailer camp.
“2. Mr. Hoffman had brought the car to a complete stop, and Mrs. Mau-gieri had gotten out and gone to plaintiff’s trailer.
“3. Plaintiff had likewise gotten completely out of the car and was standing beside it on the right front with both her feet on the ground. The right front door was open. She was waiting for Mrs. Maugieri to return to get her.
“4. The car went backwards, and the right front door struck plaintiff, knocking her to the ground.”
The court below granted the defendant’s motion for summary judgment and in so doing the trial court based its ruling primarily upon the Florida case of Fishback v. Yale, Fla.1955, 85 So.2d 142.
The only question involved in this case is whether the plaintiff comes under the Florida guest statute, Section 320.59, Florida Statutes, F.S.A.:
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without pay *374 ment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; * * * ”
The plaintiff takes the position that having completed the trip and gotten out of the car, the relationship of host and guest had ceased; hence, the rationale of Fishback v. Yale, supra, does not apply. In the Fishback case the plaintiff had dismounted from the automobile to open a gate and was struck by the automobile while so doing. Our Supreme Court, in holding that he was still a guest, bottomed the case on the fact that the journey was not over; hence, the host-guest relationship still existed.
The statutes of many states use the language, “riding in”, “while riding in”, or “while riding in or upon”, but our guest statute reads, “No person transported by the owner or operator”, so that in analyzing cases from other jurisdictions it is important to notice the particular language in the statutes.
Subsequent to the Fishback v. Yale decision, the District Court of Appeal of Florida, Third District, decided the case of Kaplan v. Taug, Fla.App.1958, 104 So.2d 882, 884, wherein it is said in sustaining a summary judgment for the defendant:
“We think that the applicability of the rule to the facts in the case at bar is inescapable. The appellant had her hand on the door of appellee’s automobile as an act preparatory to entering the vehicle. The appellee was at the steering wheel of his vehicle awaiting the appellant’s entry therein and that his act of releasing the brake and starting the automobile was in furtherance of his prior gratuitous undertaking.
“ * * * The act of appellee that proximately resulted in the injuries to appellant was in releasing the brake on his car. Certainly this act was imprudent, but coupled with all attendant circumstances could not be said to consti-stitute wanton and willful misconduct * * * ”
The defendant has urged upon us the case of Marsh v. Hogeboom, 167 Kan. 349, 205 P.2d 1190, 1193, where the guest having gotten out of the defendant’s automobile, was standing beside it with her hand on the handle of the door in an attempt to close it, and was injured as the car went forward. It was held in that case that the plaintiff was still a guest within the meaning of the Kansas guest statute, which is very similar to our guest statute. In its decision the Kansas court, holding for the defendant, had this to say:
“Counsel for appellant have made a studious and forceful presentation on the proposition that the car had stopped and therefore the transportation of the guest to her home had ended. The contention warrants and has received our serious consideration. But let us see where the contention, if sustained, would lead us. True the car had stopped. But can it properly be said the mere stoppage of the car terminated the entire gratuitous undertaking? Was the driver relieved of all duty to the guest the moment the car was stopped?”
In the case of Fishback v. Yale, supra, our court cited with approval the case of Ruel v. Langelier, 299 Mass. 240, 12 N.E.2d 735, 736. There is no guest statute in Massachusetts, but a guest must prove gross negligence before he can recover. In the Ruel case the court stated, in part:
“Coming now to the case before us, it must be clear that the degree of the defendant’s duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon *375 whether she was then in the defendant’s automobile or outside of it, or upon whether in everyday language she would be described as a guest. The ■degree of the defendant’s duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed.”
In the instant case, as in the Fishback v. Yale case, we would be drawing too fine a line were we to hold that the plaintiff was not a guest at the time she was struck by the front door of the car, and we hold that the trial judge should be sustained in his decision.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.