## THOMSON v. POLLARD.
### No. 60-691-L.

Circuit Court, Duval County.

September 9, 1960.

S. Perry Penland, Jacksonville, for plaintiff.

Thos. Malcolm Kirby, Howell, Kirby, Montgomery & Sands, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause came on to be heard upon defendant's motion for summary judgment filed July 29, 1960, pursuant to notice, at which hearing counsel for the respective parties agreed that the depositions on file reflect the following factual situation —

Defendant was the owner and operator of an automobile and at some point east of the place of the accident on East Eighth St. in Jacksonville permitted Hazel Thomson, the plaintiff, to enter his automobile and proceeded in a westerly direction on East Eighth St. for several blocks for the purpose of taking her to the Setzers grocery store located on the south side of East Eighth St.; that when the automobile arrived at the place where she was to get out of the automobile, defendant pulled up to the curb and she opened the door, thanked the defendant for the ride, closed the door and stepped up on the sidewalk; that from that point on, the defendant apparently gave his attention to continuing his journey and the plaintiff gave her attention to crossing the street from the north to the south to reach the Setzers store; that in so doing, she walked to the rear of the car, stepped off of the curb and started to walk behind defendant's automobile at about the same time defendant began backing up, apparently to pull away from the curb; that upon seeing defendant's car begin to move backwards, she tried to get back to the sidewalk, but was struck by defendant's car and suffered injury.

In his motion for summary judgment, defendant relies upon the language of the Florida Guest Statute, section 320.59, Florida Statutes 1959, which reads — "No person *transported* by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action . . ." and upon LaRue v. Hoffman, 109 So. 2d 373, and Fishback v. Yale, 85 So. 2d 142, as well as the other Florida cases cited in the LaRue and Fishback cases.

The question before this court is whether or not the factual situation in the case at bar distinguishes it from the factual situations in the LaRue and Fishback cases; and, whether or not the use of the word "transported" in our guest statute applies under the circumstances of this case.

This court is of the opinion that in the case at bar the journey of the plaintiff with the defendant as the defendant's guest terminated at the point where the plaintiff thanked the defendant, closed the door, stepped to a point of safety on the adjoining sidewalk, and proceeded to try to walk to her destination, and that neither the language of the guest statute nor the above cited cases

support the defendant's contention that at the time of the accident the plaintiff still occupied the status of a "guest passenger" within the meaning of the Florida Guest Statute.

Accordingly, it is ordered and adjudged that defendant's motion for summary judgment is denied.