Winnie Randolph, Plaintiff-Appellee, v. Madoline J. Webb, Defendant-Appellant.

### Gen. No. 63–O–33.

Fourth District.

November 4, 1963.

 

August L. Fowler and William J. Novick, of Marion, for appellant.

Ralph W. Harris, of Marion, and Mitchell & Green, of Murphysboro, for appellee.

HOFFMAN, JUSTICE.

This action was brought by the plaintiff-appellee to recover damages from the defendant-appellant for personal injuries sustained by plaintiff when an automobile, in which she had been riding as a guest, rolled forward in a city street parking stall, while plaintiff was in the act of inserting a nickel in the parking meter at the head of the stall, pinning plaintiff's right leg between the automobile bumper and the parking meter post.

The trial judge held that the plaintiff at the time of the accident was not a guest-passenger within the meaning of our Guest Statute (Ill Rev Stats 1961, c 95½, § 9–201), and gave the case to the jury on an ordinary negligence theory.

The jury returned a verdict for the plaintiff, upon which judgment was entered. This appeal follows.

There is no basic disagreement on the facts. They are as follows: defendant and plaintiff are aunt and niece, respectively. On the day of the occurrence, the defendant, who resides at West Frankfort, drove her automobile to plaintiff's home in Herrin on a social visit. While they were visiting, the defendant and plaintiff agreed that they would go downtown to shop. The plaintiff did not know how long she would be downtown, and it was agreed that if she stayed only an hour, she would be brought back by the defendant, but if she stayed longer, she would go home with her son. The plaintiff did not pay nor intend to pay the defendant for the ride. When the car reached the downtown area of Herrin, the defendant drove

119

into a diagonal parking stall, perfectly between the parking lines, completely out of the traveled portion of the street, and there stopped the car and turned off the motor. The street sloped slightly in the direction in which the car was parked, but neither plaintiff nor defendant were aware of this slope. There was a concrete curb between the street and the parking meter, 3½″ high. After the automobile was stopped in the parking stall, the plaintiff, who had been riding in the rear seat, got out through the right rear door, said that she would put a coin in the parking meter, and walked to the meter. While she was in the act of inserting the coin in the meter, the car rolled forward, climbed the curb, and caught plaintiff's leg between the meter post and the bumper.

The only question in this case is whether or not the plaintiff, who had alighted from the vehicle in which she had been riding as a guest passenger, retained that status at the time of the occurrence. This depends upon the interpretation placed upon our Guest Statute. The statute reads as follows:

"No person riding in or upon a motor vehicle or motorcycle as a guest without payment for such ride, . . . shall have a cause of action for damages against the driver or operator . . . in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator . . ."

Only two Illinois cases which have construed this statute have been called to our attention which involve the status of a guest passenger who is injured by a vehicle from which he has just alighted. They are: Tallios v. Tallios, 350 Ill App 299, 112 NE2d 723; and Haskell v. Perkins, 16 Ill App2d 428, 148 NE2d 625. In the Tallios case, plaintiff and defendant, husband and wife, were enroute to their home after an evening of dining and dancing when the plaintiff discovered

120

that she did not have her purse. She could not find it in the truck, and defendant brought the truck to a stop, she backed out of the seat of the truck, opened the door, felt under the seat for the purse, and as she started to enter the truck, it started up. At the time of the accident, plaintiff had her left foot on the pavement and her right foot on the running board reaching for the door of the truck. The plaintiff contended that as the vehicle in which she was riding had come to a stop and she had one foot on the running board and one foot on the pavement and the vehicle started without her, that she was not a guest and the guest relationship had ended. The court rejected the theory of the plaintiff and held that an interpretation of the statute limiting the effect of the statute to an accident occurring when a guest is seated in an automobile in motion would defeat or greatly impair the purpose of the statute. Then at page 725 of 112 NE2d and at page 305 of 350 Ill App, the court stated:

"the relation of host and guest between automobile owner or driver and a passenger riding without payment of compensation begins when the guest attempts to enter the automobile, and ends only when he has safely alighted at the end of the ride. Here the ride had not terminated. Plaintiff was injured before she reached her destination. The stopping of the automobile to permit further search for plaintiff's purse and the act of plaintiff in getting out of the car to more effectively make the search, were usual and customary acts incidental to a normal courtesy to plaintiff as defendant's guest. She did not lose her status as a guest."

In the Haskell case, plaintiff was injured by a passing motorist while standing some 20 feet from the defendant's automobile while the defendant attempted to assist a stranded motorist in a ditch. The defendant

121

claimed that plaintiff, at the time of the accident, was a guest within the interpretation placed upon the Guest Statute in the Tallios case. The Third District Appellate Court rejected that argument and on page 632 of 148 NE2d, pages 442 and 443 of 16 Ill App2d, said:

> "There is no evidence in the record that defendant's conduct in engaging in the hazardous enterprise of attempting in the nighttime to move a disabled car from a ditch was in any manner related to the transportation of plaintiff from Champaign to Danville . . . .
>
> "The instant record shows that the plaintiff got out of defendant's car because his host stopped his car on a highway in the country to help a stranded motorist. Certainly stopping for such purpose was not an act incidental to any courtesy being extended by defendant to his guests."

We have searched in other jurisdictions to help determine this matter. But the authorities are divided and the statutes vary. See the annotation in 50 ALR2d 974.

█ Although the statute requires that a passenger, to be a guest, must be "riding in or upon" the motor vehicle at the time of the accident, the defendant here, arguing from a selection of cases in other jurisdictions, claims that the question presented is "not whether the plaintiff was 'in' or 'upon' the vehicle, but rather whether, at the time of the injury, the 'ride' or 'transportation' had ended." She further argues that in this case the plaintiff and defendant were only temporarily leaving the automobile, with intent to return thereto, and that therefore the ride had not ended when the plaintiff lost physical contact with the vehicle. We do not accept these arguments. The statute is clear. It requires a "riding in or upon." The rules of Tallios and Haskell are equally persua-

122

sive. The host-guest relationship begins when the guest attempts to enter the automobile and ends only when he has safely alighted at the end of the ride. During any temporary interruption in the ride, the relationship continues only if the stopping was incidental to the courtesies being extended by the host to his guest.

To apply the rule sought by defendant, would invite findings far beyond those contemplated by the statute and add more complexities and uncertainties to its enforcement.

In this case, it is clear from the evidence that the trip contemplated by both parties was from the plaintiff's home to the downtown shopping district. They had no definite plans after that time. The uncontroverted testimony is that if the plaintiff did not complete her shopping within the hour she was going home with her son and not the defendant. Under these facts, when the defendant brought her car to a stop within a parking stall clear of all moving traffic, had turned the motor off, and the plaintiff had safely alighted from the automobile, the host-guest relationship had terminated and from that point on there was no such duty of care between this plaintiff and this defendant.

We conclude, therefore, that the trial judge correctly, as a matter of law, held that the host-guest relationship did not pertain to the parties herein.

We have examined the other errors assigned. They do not, in our judgment, require any corrective action by us. Accordingly, the judgment appealed from is affirmed.

Affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.