404 P.2d 972

Christine E. ANDRUS, Plaintiff and Respondent,

v.

Ida ALLRED, Defendant and Appellant.

No. 10282.

Supreme Court of Utah.

Aug. 23, 1965.

Strong, Hanni & Summerhays, Laurence T. Summerhays, Salt Lake City, for defendant and appellant.

Kipp & Charlier, Craig T. Vincent, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Plaintiff sued for injuries she suffered while attempting to get out of defendant's car as she was returning from a ride with her. At pretrial, upon the basis of the pleadings, answers to interrogatories and plaintiff's deposition, defendant moved for summary judgment on the ground that the plaintiff was a guest and, there being no allegation of intoxication or wilful misconduct, our Utah guest statute would bar recovery. The District Court denied the motion; ruled as a matter of law (a) that the plaintiff was not a guest; (b) that the defendant was negligent; and (c) that the plaintiff was not negligent; and ordered trial on the question of damages only.

Defendant seeks reversal of the ruling that the plaintiff was not a guest and invokes the protection of our guest statute. It reads in part:

"Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the state of Utah, and while so riding as such guest receives or sustains any injury, shall have no right of recovery against the driver * * * [except for] injury or death of such guest proximately resulting from the intoxication or wilful misconduct of such driver * * *"

The plaintiff, Christine E. Andrus, age 74, and the defendant, Ida Allred, are mothers-in-law in common, the plaintiff's son having married the defendant's daughter over 18 years ago. Despite the repute sometimes ascribed to rival mothers-in-law, they have been friends for many years. On February 8, 1964, defendant, Mrs. Allred, called at the plaintiff's home on Ninth East in Salt Lake City for a visit and invited the plaintiff to go to get something to eat. Afterward they returned to the plaintiff's home. The critical facts as they appear at this point are these: the defendant stopped her car off the traveled portion on the shoulder of the road in the front of the plaintiff's home. The parties sat and talked a few minutes. The defendant left the motor of the car running and in drive gear. She pulled on the emergency brake, but apparently not sufficient to hold the car, got out and started around back of the car, intending to assist Mrs. Andrus. Meanwhile the plaintiff was in the process of getting out of the car. She says that she had opened the door; that her one foot was out; and she is not sure whether it had touched the ground or not, when the car started to roll forward, which caused her to fall and suffer the injuries of which she complains.

In support of her position that she was not a guest at the time of her injury the plaintiff relies on the language of the statute "in any vehicle moving upon any of the public highways * * * and while so riding as such guest." She urges that this does not include the defendant's car which

was stopped on the shoulder of the road at the time of the accident. This view was adopted by the trial court in its findings "that the relationship of guest had ended when the automobile of the defendant stopped in front of the plaintiff's home, at which time the defendant had alighted from said car."

■ It will be noted that there are two facets of the problem thus presented. The first, which we dismiss as being of little consequence, is that the car was not actually on the highway. It can hardly be supposed that the fact that a vehicle swerves off the main portion of the highway would eliminate the effect of the statute. It should be given a sufficiently practical and reasonable application to cover incidents which occur as an integral part of the ride. For example, such as a side-swipe collision where one vehicle runs off the highway into a fence or a building.

In regard to the contention that the vehicle must actually be "moving" on the highway, we take a similar view. If the statutes were given such a narrow and literal interpretation as plaintiff contends for, that would eliminate incidents which might occur while the vehicle was stopped, however briefly, and for any reason. E. g., at a traffic light, or at a stop sign, or to let other vehicles having the right of way pass, or for any other cause. This impresses us as a hypertechnical interpretation of the statute and one which would not fulfill its plainly intended purpose.

■■ Allowance should be made for the fact that statutes are necessarily stated in general terms, and that often there is neither the prescience to foresee, nor sufficient flexibility of language to cover with exactitude, all of the exigencies of life which may arise. For this reason one of the fundamental rules of statutory construction is that the statute should be looked at as a whole and in the light of the general purpose it was intended to serve; and should be so interpreted and applied as to accomplish that objective.[1] In order to give the statute the implementation which will fulfill its purpose, reason and intention sometimes prevail over technically applied literalness.[2]

■ The purpose of our guest statute was to afford some protection to a generous person who gives a ride to another from being sued by the guest who accepts the favor.[3] It apparently has seemed to the sovereign will (the Legislature) that this turning upon one's benefactor is an ungrateful thing which is looked upon with disfavor. Accordingly, the statute pro-

1. See Sutherland, Statutory Construction § 5002 (3rd Ed. 1943).
2. See Norville v. State Tax Commission, 98 Utah 170, 97 P.2d 937, 126 A.L.R. 1318, quoting Sutherland on Statutory Construction to this effect.
3. Jensen v. Mower, 4 Utah 2d 336, 294 P.2d 683 (1956).

tects the host from liability in connection with giving someone a ride for any mere negligence or ordinary fault, yet it preserves protection to the guest if the host is guilty of some aggravated wrong such as being drunk or wilfully committing some wrongful act which results in the guest's injury.

■■ It is our opinion that a sensible and realistic application of this statute, in conformity with its objective, requires that the protection extend over the entire host-guest relationship in connection with the giving and taking of the ride. We can see no logical reason for applying a different rule here than to the relation of carrier and passenger for hire in a public conveyance. In that case the relationship begins with the attempt of the passenger to enter the car and does not end until he has safely alighted when the ride is over.[4] Under this analogy the conclusion seems inescapable that the host-guest relationship here must also include getting into the car at the beginning and getting out of it when the ride is completed and any incidents which happen in the course of and arising out of the ride. Insofar as our research has disclosed, this conclusion is supported by a majority of the jurisdictions which have had occasion to pass upon the matter, albeit

under somewhat different and variously worded statutes, which hold that such guest statutes were intended to apply until the guest had safely alighted at the completion of the journey.[5]

Plaintiff makes the contention "that the guest statute is in derogation, not only of the common law, but also of the [Utah] Constitution" and while conceding that "strict construction of a statute contrary to the common law is not warranted in this state," nevertheless proceeds to argue that this statute must be "carefully applied, and strictly limited to those situations obviously falling within the wording of the act."

The point of strict construction is made in Prager v. Isreal[6] from our sister state of California, which the plaintiff strongly relies upon and urges us to follow. That decision does hold that under circumstances having some general similarity to our case, the passenger was not a guest. But there are three significant considerations which make that holding distinguishable from the instant one.

■ The first is that the rule recognized elsewhere, that a statute in derogation of the common law should be strictly construed, is not the law of this state. It has

---

4. See 14 Am.Jur.2d § 982.
5. Randolph v. Webb, 44 Ill.App.2d 118, 194 N.E.2d 379, (1963); Tallios v. Tallios, 350 Ill.App. 299, 112 N.E.2d 723 (1953); Marsh v. Hogeboom, 167 Kan.

349, 205 P.2d 1190 (1949); Adams v. Baker, 317 Mass. 748, 59 N.E.2d 701 (1945).
6. 15 Cal.2d 89, 98 P.2d 729 (1940).

not only been expressly abolished, but the statute which does so includes a mandate that statutory "provisions and all proceedings under them are to be *liberally construed* with a view *to effect the object of the statutes* and to promote justice."[7]

■■ The second point essayed is that inasmuch as we adopted our guest statute from California, we should follow their adjudication. We concede the validity of the rule that when a sister state has a statute upon which a judicial determination has been made, the adoption of the statute by another state includes the prior judicial determination, at least as persuasive authority.[8] But this rule loses much of its force here because the Prager case had not been decided at the time we adopted our guest statute.[9]

■ The third and final point in regard to the Prager case is that the circumstances are so different that, even without the two foregoing reasons, the cases are distinguishable on their facts. In the Prager case the ride had been interrupted in that the parties had stopped for lunch for over an hour, which they had taken in the rear seat of the car and were returning to the front seat when the injury occurred. We do not confront the matter here and are not con-

cerned with whether that case could be decided on that issue of fact alone. We recognize the proposition that if the circumstances are such that their having lunch could be regarded as something quite apart from the ride, which could have been done on a park bench, or at some other convenient place, the car simply being used as a lunchroom, the passenger may well be found not a guest "on the ride" during that diversion. But from the plaintiff's own statement we cannot see any reasonable basis for such a conclusion under the facts of our case. It is neither shown nor even suggested that the conversation between the parties was other than casual and incidental to the ride; and defendant was going around the car to assist plaintiff in safely alighting at the end of the ride when the injury occurred. It is our opinion that until that was accomplished the plaintiff was still a guest and the trial court's action to the contrary is vacated. Costs to defendant (appellant).

McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, Chief Justice (dissenting).

This is an appeal from a summary judgment, on motion by both parties, based on

---

7. Utah Code Annotated § 68–3–2 (Replacement Volume 1961).

8. See Sutherland, Statutory Construction, § 5209 (3rd Ed. 1943).

9. Though the Prager case was decided in 1940, the incident it dealt with had occurred in 1935 and the law applied was the then existing California statute which is the same as our own Sec. 41–9–1 U.C.A.1953, which was enacted by our Legislature in 1935.

interrogatories and plaintiff's deposition.[1] The court concluded that (1) plaintiff was not negligent, (2) that defendant was, (3) that the guest statute was inapplicable and (4) that the question of damages only would be put to the jury.

Plaintiff's son had married defendant's daughter. Everybody was friendly. Defendant, on occasion would take plaintiff, age 74, to dinner in the former's car. On the trip, subject of this suit, they had returned to plaintiff's home, and talked for 5 minutes or so, while parked on the sandy, muddy shoulder of the road in front of plaintiff's home. Defendant left her car in gear, with the motor running, after applying the hand brake which held the car in place for a time. Defendant got out of the driver's side to go around and help plaintiff alight, and the latter opened the right door and started to get out herself. She had one foot out and one foot in, but did not remember if her foot had or had not touched the ground when the car started to move. The car moved 40 or 50 feet and collided with another parked car, during which time plaintiff fell out and sustained the injuries about which she complains.

Defendant, who appealed, cites cases in urging that the guest statute precluded recovery. One had to do with a Massachusetts case where there was no statute, but only the common law involved. The others, except for a Kansas case, had to do with a guest statute but each was decided, not by a state Supreme Court, but by a lesser intermediate appellate tribunal,—each persuasive in a sense, but factually different and not dispositive or of impressive magnitude of the matter in this court.

On the other hand, our guest statute was taken verbatim from the then subsisting California statute, under which the case of Prager v. Isreal,[2] was decided by the Supreme Court of California. This case is strikingly similar to the instant case, and factually was dissimilar only in that it was conceded that the woman in that case had touched her foot on the ground while alighting when the car, parked on the shoulder of the road, as here, started moving.

Although we are not bound by that case, we pay deference to the oft-repeated observation that where our state adopted the statute of a sister state which is interpreted by the highest court of the latter, other

---

1. Defendant's counsel had filed a written motion for summary judgment confined to the sole defense that under the facts plaintiff, as a guest, was precluded from asserting a claim because she did not show any wilful misconduct on the part of the defendant (Title 49–9–1, Utah Code Annotated 1953). Nonetheless the Court's pre-trial order recited that "both parties made a motion for summary judgment," without restriction as to any particular issue. No one made any objection to the order, which implies that everyone submitted the matter on the facts and the merits.

2. 15 Cal.2d 89, 98 P.2d 729.

things being equal, we will consider serious- ly the pronouncement of that court in interpreting our identical statute.

In the case before us, lacking any authority of the same stature, and considering what makes statutory construction sense, I would accept the Prager case as a precedent justifying the position of plaintiff and the trial court here, so far as the guest statute problem is concerned.

The argument that the California Supreme Court's decision in the Prager case is unimpressive because it had not been decided at the time we adopted our guest statute, to me is unimpressive. The main opinion forgets to point out that although the California court decided the Prager case about four years after the accident happened, it interpreted a statute existing at the time of the accident,—a statute which between the time of the accident and the decision, this state adopted lock, stock and barrel right down to the last comma, period and semicolon—which, since 1935, Utah's legislature has not deemed advisable to amend.

The main opinion's judicial souffle that in the Prager case the litigants took an hour to eat lunch represents a difference between the facts in this case, where the litigants sat talking for five minutes, is a judicial salad unpalatable to this writer for lack of seasoning. The observation of the main opinion

that in the Prager case the back seat of a car could be considered as a lunch room, is as naive as if I suggested that in the instant case the front seat was a civic auditorium for discussing the Viet Nam conundrum, or a library for reading the Salt Lake Tribune.

The trial court should be affirmed.

WADE, Justice (dissenting).

I dissent: I agree with Chief Justice Henriod that we should follow the California holding of Prager v. Isreal[1] that where the parties, after riding in the car as owner and guest for sometime, parked on a wide portion of the street and got into the back seat and ate lunch together and thereafter plaintiff started to get out of the car to resume her former position in the front seat and the defendant alighted from the car to resume his driver's position, then, while plaintiff had one foot on the ground and the other on the running board the car started forward and she sustained injuries, that the plaintiff in that case did not come under its guest statute, which is verbatim to our guest statute, because the driver was not behind the steering wheel and she was in the act of alighting from the car and not riding therein within the meaning of the guest statute.

Here the court granted a summary judgment as a matter of law and without find-

1. 15 Cal.2d 89, 98 P.2d 729.

ing of facts on the grounds: (a) that the plaintiff was not a guest, and (b) that the defendant was negligent. It held that the case should be tried on the question of damages only. This ruling was correct only if the plaintiff's showing required a finding as a matter of law that under the Prager case, with which I agree, plaintiff was not a guest and that the jury here could reasonably find the facts to be such as would require a holding as a matter of law that in this case plaintiff was not a guest.[2] I think there is no doubt whatever that the evidence conclusively shows that defendant was guilty of negligence which caused the accident.

Here in my opinion the court should have submitted to the jury the question of whether the car after returning from a guest ride did stop on the sandy, muddy side of the road at plaintiff's home where the parties intended to terminate the guest ride, and thereafter the parties talked together about other matters for about five minutes or more and thereafter defendant got out of the car to help plaintiff out and then while plaintiff had one foot on the ground and the other foot in the car started thereby causing plaintiff's injuries. In my opinion if the jury found these question of fact in the affirmative it would clearly require a holding that under the Prager case

decision the guest statute does not apply to this case and that such holding should be followed. For that reason I dissent.

2. See Rule 56 U.R.C.P. and cases cited in annotation Frederick May & Company v. Dunn, 13 Utah 2d 40, 368 P.2d 266.