McCAIN, Judge.
Defendant, Alonzo L. Thomas, appeals a final judgment entered on a jury verdict for the plaintiff, Claude Newsome. We reverse.
Plaintiff, defendant, and two other men went on a fishing trip ' using defendant’s car and pulling a boat and trailer. The group arrived at their destination, launched the boat, and fished for several hours, after which they returned in the boat to the launching ramp. Plaintiff and the two other men moved the trailer into position on the ramp by hand and then loaded the boat. Defendant backed his car down the ramp and plaintiff and his companions attempted to attach the trailer to the hitch. Defendant put his car in first gear and got out, apparently to render any needed assistance in the hitching operation. The car then slid backward down the ramp, pinning plaintiff against a post and thereby injuring him.
Plaintiff brought suit against defendant alleging ordinary negligence. Defendant raised the guest statute, F.S. Section 320.-59, F.S.A. 1965, in defense. The trial court ruled the guest statute inapplicable and plaintiff won a jury verdict. Defendant has appealed contending that plaintiff was a guest and that, inasmuch as gross negligence was not alleged, the trial court should have granted him summary judgment.
This case presents a problem in determining when a guest-host relationship begins or resumes after it has been interrupted. The Supreme Court has furnished a guideline in this area. In Fishback v. Yale, Fla. 1955, 85 So.2d 142, the court decreed that the existence of a guest-host relationship does not depend solely on the physical position of the plaintiff at the moment of accident. Rather the test is whether or not the defendant’s allegedly negligent act was performed in the course of carrying out the gratuitous undertaking that he had assumed. This rule has subsequently been applied in several factual settings. See Fleming v. Smart, Fla.App. 1963, 153 So.2d 748; La Rue v. Hoffman, Fla.App.1959, 109 So.2d 373; Kaplan v. Taub, Fla.App.1958, 104 So.2d 882.
It appears to us that the operation of hitching the trailer was an integral step in carrying out defendant’s gratuitous undertaking of providing round-trip transportation for the fishing party. Coupling the boat and trailer to the car was an essential part of the homeward journey as would be plaintiff’s entry into the car, Kaplan v. Taub, supra; his exit therefrom, La Rue v. Hoffman, supra; or his removal *48 of an obstacle from the auto’s path, Fishback v. Yale, supra.
Accordingly, we hold that at the time of the accident plaintiff and defendant were acting in pursuance of an impending homeward journey which was a gratuitous undertaking of defendant. A guest-host relationship had been created and the guest statute applied. The judgment therefore is reversed and remanded but without prejudice to the right of plaintiff to either amend his complaint or file a new action. Section 95.06, F.S. (1967); Livingston v. Malever, 1931, 103 Fla. 200, 137 So. 113; Levitt v. Axelson, 1931, 102 Fla. 233, 135 So. 553; City of Orlando v. Murphy, 5 Cir. 1938, 94 F.2d 426.
WALDEN, C. J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.