Ralph PAUL, Appellant,

v.

Winnie FLOYD, Appellee.

No. 7238.

Court of Civil Appeals of Texas.

Texarkana.

July 19, 1960.

Rehearing Denied Aug. 2, 1960.

Leachman, Gardere, Akin & Porter, Ralph Hartman, Dallas, for appellant.

Carter, Gallagher, Jones & Magee and Ben T. Warder, Jr., Dallas, for appellee.

FANNING, Justice.

Winnie Floyd, a feme sole, sued Ralph Paul seeking recovery for damages for personal injuries. Trial was to a jury on special issues on ordinary negligence, unavoidable accident and damages. All issues were answered favorably to plaintiff and the trial court entered judgment for plaintiff Winnie Floyd upon the verdict of the jury. Defendant Ralph Paul's amended motion for new trial was overruled and he has appealed.

The material facts in this case are undisputed. Plaintiff had accompanied defendant in defendant's automobile on a social date as a guest passenger of defendant. By pre-arrangement, plaintiff met defendant at Skillern's Drug Store on the northeast corner of Hampton Road and Ft. Worth Avenue in the City of Dallas at about 8:30 P.M. on November 8, 1958. The drug store faced south on Ft. Worth Avenue, and there was a head-in parking area with marked car spaces, rather than parallel, parking on the west side of said drug store. A sidewalk approximately four feet wide ran parallel to the drug store on the west side. The sidewalk had a standard width curb, so that a person would step down or up, as the case might be in going to or leaving an automobile. When automobiles were parked against the curb, the bumper would overhang the curb and a part of the sidewalk. Before accompanying defendant on the social date plaintiff parked her automobile at one of the above described parking places.

Plaintiff then accompanied defendant in his automobile to a club. They left the club at about 10:00 P.M., and when they returned to Skillern's Drug Store in defendant's automobile the defendant Paul parked his automobile in the head-in parking area about two car spaces south of plaintiff Floyd's automobile, with the front wheels of defendant's automobile being about one foot from the sidewalk curb.

After defendant parked his automobile his motor continued to run and plaintiff alighted without defendant's assistance through the right-hand front door. Plaintiff closed the door of defendant's automo-

bile when she was completely out of defendant's automobile and then walked toward the sidewalk and stepped up on the sidewalk in order to walk on the sidewalk in front of defendant's automobile toward her automobile. While plaintiff was walking on the sidewalk in front of defendant's car, the defendant's foot slipped off of the brake of his car and his automobile rolled forward, striking the plaintiff on her left side and pushing her against the wall of the drug store. Defendant testified to the effect that he had intended to let plaintiff pass and then back his car out, but that while plaintiff was walking on the sidewalk, defendant's foot slipped off the brake and this caused the accident, as his car was in "drive" and not in "reverse". It was also undisputed that plaintiff was injured as a result of being struck by defendant's automobile.

Appellant Paul presents three points on appeal, contending that the trial court erred in overruling his motion for instructed verdict, his motion for judgment non obstante veredicto, and that the trial court erred in not submitting special issues predicated on gross negligence under Art. 6701b, Vernon's Ann.Tex.St.

The controlling question in this case is whether as a matter of law, under the undisputed facts in this case, the plaintiff was a guest of defendant within the meaning of the Texas Guest Statute, Art. 6701b, V.A.T.S., at the time when she was struck and injured by defendant's automobile.

Art. 6701b, V.A.T.S., the "guest statute" reads as follows:

"Section 1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or

caused by his heedlessness or his reckless disregard of the rights of others.

"Sec. 2. This Act shall not relieve a public carrier or any owner or operator of a motor vehicle while the same is being demonstrated to a prospective purchaser, of responsibility for any injuries sustained by a passenger being transported by such public carrier, or by such owner or operator. Acts 1931, 42nd Leg., p. 379, ch. 225."

We hold as a matter of law, under the undisputed facts in the case at bar, that plaintiff Floyd was not a guest of the defendant Paul at the time she was struck and injured by defendant's automobile within the meaning of the Texas Guest Statute, Art. 6701b, V.A.T.S.

Appellant's points are overruled and the judgment of the trial court is affirmed.