ECONOMOU, APPELLANT, v. ANDERSON, APPELLEE.

[Cite as Economou v. Anderson, 4 Ohio App. 2d 1.]

(No. 5605—Decided October 6, 1965.)

*Messrs. Amer, Cunningham, Cunningham, Brennan & Miller,* for appellant.
*Messrs. Olds & Olds, for* appellee.

DOYLE, P. J. The plaintiff, appellant herein, claims in this appeal from a judgment of the Court of Common Pleas of Summit County, that the trial court erred in sustaining a demurrer to his petition, and then dismissing the petition on the ground that at the time of plaintiff's injury and damage he was subject to the Ohio automobile "guest statute," Section 4515.02, Revised Code.

It is alleged in the petition that on June 21, 1964, the defendant, Christy Anderson, drove his automobile to the Dayton-Biltmore Hotel in Dayton, Ohio, where the plaintiff and he were registered guests, and invited him to ride as his guest to church; "that as plaintiff approached said car, the defendant, standing on the curb, opened and held the door on the right side for the plaintiff to enter, and then as plaintiff was entering, slammed it shut and caught and crushed the right leg and foot of plaintiff between the door and the frame of said automobile; * * * that said injuries and damages were by reason of the negligence and carelessness of the defendant in failing to see that plaintiff had not entered the car and in closing said door upon plaintiff's leg and foot."

Compensatory damages were sought in the amount of fifteen thousand dollars.

The so-called "guest statute," Section 4515.02, Revised Code, reads as follows:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle."

The petition does not charge any acts of willful or wanton misconduct, thereby pleading a case, even though the plaintiff may be said to have been a guest "being transported without payment therefor in or upon said motor vehicle." The pleading charges only ordinary negligence, and it is sufficient to withstand demurrer only if it may be said that the facts alleged are sufficient to be reasonably construed as saying that the plaintiff

was not a guest of the defendant being transported in or upon the defendant's automobile at the time of his injury.

Throughout the plaintiff's argument, it is insisted that "the court erred in holding that the injury received was caused or resulted from the operation of defendant's motor vehicle;" and that it likewise erred in holding "that at the time plaintiff was injured he was being transported."

The Ohio "guest statute," *supra*, is in derogation of common law and, as a consequence, must be strictly construed. *Miller* v. *Fairley*, 141 Ohio St. 327; *Vest, a Minor*, v. *Kramer*, 158 Ohio St. 78; and *Clinger* v. *Duncan*, 166 Ohio St. 216. If, therefore, the status of the plaintiff, Economou, falls within any category other than a guest being transported in or upon the automobile of the defendant, Anderson, at the time of his injury, the petition states a cause of action, and the demurrer was wrongfully sustained.

Consistent with the thought of this court in the case of *Clinger* v. *Duncan*, affirmed by the Supreme Court of Ohio in 166 Ohio St. 216, *supra*, we hold that in factual situations such as we have here, the controlling words of the statute (Section 4515.02, Revised Code) are "while being transported * * * in or upon said motor vehicle" and that the words "transport" or "transported" ordinarily imply movement of something from one place to another. See opinion of Zimmerman, J., at page 219 in 166 Ohio St.

In harmony with sound reasoning, we are compelled to hold that the injured man, at the time of the accident, was not a guest being transported in or upon the motor vehicle. A person in the process of entering an automobile parked at a curbstone is not being transported in any sense of the word. In order to claim the benefit of the lessened liability in the statute, it must appear that the owner, operator, or person responsible for the operation of an automobile, invited a guest to ride, and, as a result of the operation of the automobile, while in the process of being driven from one place to another, the guest was injured. A contrary ruling in this case would require the court to add to, or delete words from, the statute. This we cannot do.

If it may be said that closing the door on one's parked

automobile preparatory to driving it away constitutes a part of the operation of the car, nevertheless, a guest who has partly entered a parked, stationary automobile is not at that time being transported.

*Judgment reversed and cause remanded.*

BRENNEMAN and HUNSICKER, J.J., concur.