No. 45,339

Frances Marie Chapman, *Appellant,* v. Ellen Parker, *Appellee.*

(454 P. 2d 506)

Opinion filed May 17, 1969.

John E. Shamberg, of Kansas City, argued the cause, and *Charles Schnider* and *Jacob F. May, Jr.,* both of Kansas City, were with him on the brief for the appellant.

Roger D. Stanton, of Kansas City, argued the cause, and *Lee E. Weeks, Leonard O. Thomas, J. D. Lysaught, Robert H. Bingham, Ervin G. Johnston, Miles D. Mustain* and *George Maier, Jr.,* all of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an action for damages arising from personal injuries sustained by the plaintiff who was about to enter the automobile of the defendant. The trial court sustained the defendant's motion for summary judgment on the ground the plaintiff was a guest within the meaning of K. S. A. 8-122b, which required the showing of gross and wanton negligence as a basis for recovery, gross and wanton negligence not having been alleged by the plaintiff in her amended petition. Appeal has been duly perfected by the plaintiff.

The only question presented is whether the plaintiff (appellant) was a guest within the meaning of the Kansas guest statute at the time of her alleged injury.

After the filing of the first amended petition, it was stipulated and agreed for the purpose of submitting the defendant's motion for summary judgment to the trial court that Frances Marie Chapman (plaintiff-appellant) was standing with one foot on the street and the other foot on the inside of the defendant's (appellee's) automobile on or near the right rear door sill. The plaintiff was preparing to enter the defendant's automobile through the right rear door as she was in this position. The plaintiff's hands at this time were on the defendant's automobile, when it moved forward.

The plaintiff at the time she was in the above stated position was preparing to enter the defendant's automobile for the purpose of riding to church with the defendant, who was driving. The date of this occurrence was December 20, 1964, and the location was the intersection of Seminary and Rainbow Streets in Kansas City, Wyandotte County, Kansas. The plaintiff had not promised to give nor had she given the defendant any consideration for this ride.

The plaintiff's first amended petition alleged the defendant was guilty of ordinary negligence, and the plaintiff does not contend the defendant was guilty of gross or wanton negligence.

The defendant contends the plaintiff was a guest within the meaning of the guest statute.

Upon the foregoing facts the trial court sustained the defendant's motion for summary judgment, holding that the plaintiff was a guest within the meaning of the Kansas guest statute.

The question herein presented is not one requiring us to define the word "guest" to determine whether the guest statute applies, but is a question whether the provisions of the statute have application at all.

The appellant contends the guest statute, by its terms, is not invoked by the factual situation here presented.

K. S. A. 8-122b provides:

"That no person *who is transported by the owner* or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." (Emphasis added.)

Based upon the emphasized language above, the statute clearly imposes the burden of proving gross and wanton conduct only upon those who are transported.

We think the appellant's position is meritorious. Under the facts the appellant was not being transported; she had not even entered the appellee's vehicle at the time she was injured. Consequently, the guest statute is inapplicable and the appellant stated a cause of action in ordinary negligence.

Innumerable opinions have been written by this court, and in other jurisdictions, construing and interpreting the meaning of guest statutes. The holdings of the courts are not in agreement as to when the status of host and guest is established or ceases. Many of the cases on the subject are collected in an annotation in 50 A. L. R. 2d 974 where a variety of holdings may be found. The Iowa Supreme Court in *Rainsbarger v. Shepherd*, 254 Iowa 486, 118 N. W. 2d 41 (1962), held on facts similar to those presented in the instant case that the plaintiff was a guest while attempting to enter the car; that her " 'riding in' " had started. The Iowa court reviewed the many decisions from other jurisdictions touching the factual situation here presented, and reference is made thereto for a discussion of these cases.

The Kansas Supreme Court in *Marsh v. Hogeboom*, 167 Kan. 349, 205 P. 2d 1190, held that a plaintiff who had departed from a vehicle and was in the process of closing a door on that automobile when it moved forward, dragging her with it, was a guest and, therefore, was required to show gross and wanton negligence against the owner or operator of the vehicle in order to recover. The court there discusses the fact that the act of closing the door must be considered the natural and normal act culminating the gratuitous undertaking that is referred to in the guest statute. In the opinion the court said:

"We think every case of this character must of necessity be decided upon its own peculiar facts. It must therefore not be assumed the conclusion we reach in the instant case necessarily means we are adopting similar decisions reached by some courts on materially different facts. We prefer to rest our decisions upon our own statute and the particular facts involved in each case as it may arise.

"Did the negligence alleged in the instant petition constitute an incident of the gratuitous undertaking which appellee had assumed? If it constituted such incident it is clear the incident occurred in the course of carrying out the gratuitous undertaking.

"Is it reasonable to assume that as a part of completing the gratuitous under-

taking appellee would not be required to permit appellant to disconnect herself from the vehicle? We do not think so. Is it reasonable to assume the closing of the door after appellant alighted was no part of the completion of the undertaking? We think it is not. The alleged negligent act occurred while appellant had her hand on the door handle and was attempting to close the door. Surely a host would not naturally or normally expect a guest to get out of the car and leave the car door open." (pp. 352, 353.)

In summing up its discussion of the case the court said:

". . . It seems to us it would be drawing too fine a distinction to say if the negligent act of the driver occurred after the car had stopped and while the guest was endeavoring to open the door from the inside, the negligence occurred in the course of the gratuitous undertaking but if the negligent act occurred while the guest was endeavoring to close the door from the outside then the negligence did not occur in the course of the gratuitous undertaking. *The closing of the door was the natural, the normal act culminating the gratuitous undertaking. The alleged negligence occurred while that act was in progress.*

"We think the demurrer was properly sustained and the order is affirmed." (p. 353.) (Emphasis added.)

The appellee relies upon *Marsh v. Hogeboom,* supra, and in particular the language emphasized, contending that the facts in the instant case involve the acts initiating the gratuitous undertaking. It is argued if the act of closing a door of an automobile after the guest has alighted is "the natural, the normal act culminating the gratuitous undertaking," then certainly a guest who is entering a vehicle through an opened door, having placed one foot inside the automobile and having placed both hands on the automobile, is well within the natural, the normal acts initiating the gratuitous undertaking.

The appellee also relies upon *Cohee v. Hutson,* 143 Kan. 784, 57 P. 2d 35, where the plaintiff had departed from a vehicle in which he was riding, during an interruption of the trip, and was in the process of placing a block under the front wheel of the stopped vehicle when it moved forward and injured the plaintiff. The court there held the plaintiff was a guest within the Kansas guest statute and was required to prove gross and wanton negligence before he could recover against the owner and operator of the vehicle.

The *Cohee* decision, however, is distinguishable because the parties agreed the guest statute was involved, and the court was not required to determine the issue for which the appellee cites the case.

In *Economou v. Anderson,* 4 Ohio App. 2d 1, 211 N. E. 2d 82 (1965), the Ohio court was presented with a factual situation almost identical to the facts herein, except that the defendant slammed the door shut and crushed the plaintiff's right foot and leg between the door and the frame of the vehicle. The language of the Ohio guest statute is similar to the Kansas statute in that it absolves the operator of a motor vehicle of liability for injury resulting to a guest from ordinary negligence in the operation of such motor vehicle while the guest *is being transported,* without payment, in or upon such motor vehicle. The Ohio court, in holding the plaintiff was not a guest within the meaning of the statute, said:

"In harmony with sound reasoning, we are compelled to hold that the injured man, at the time of the accident, was not a guest being transported in or upon the motor vehicle. A person in the process of entering an automobile parked at a curbstone is not being transported in any sense of the word. In order to claim the benefit of the lessened liability in the statute, it must appear that the owner, operator, or person responsible for the operation of an automobile, invited a guest to ride, and, as a result of the operation of the automobile, while in the process of being driven from one place to another, the guest was injured. A contrary ruling in this case would require the court to add to, or delete words from, the statute. This we cannot do.

"If it may be said that closing the door on one's parked automobile preparatory to driving it away constitutes a part of the operation of the car, nevertheless, a guest who has partly entered a parked, stationary automobile is not at that time being transported." (pp. 3, 4.)

Similarly, *Smith v. Pope,* 53 Cal. App. 2d 43, 127 P. 2d 292 (1942), involves a factual situation almost identical to the instant case. There the driver's foot slipped off the clutch pedal, while the plaintiff was in the process of entering on the passenger side of the vehicle, and the passenger was injured. The pertinent part of the California guest statute provided:

"No person who as a guest accepts *a ride in any vehicle* upon a highway without giving compensation for such ride, . . . has any right of action for civil damages against the driver of such vehicle . . . on account of personal injury to . . . such guest *during such ride,* . . ." (Vehicle Code, § 403, St. 1935, p. 154.) (Emphasis added.)

The court there, holding the plaintiff was not a guest under the above statute, said:

"The conditions for the exemption from liability thus granted are two. (1) A guest shall accept a ride 'in any vehicle'; and (2) the injury must occur 'during such ride.' In order to claim the benefit of the lessened liability provided by this section the defendant must show that the 'guest' first accepted a ride *in a vehicle* and was thereafter injured *during such ride.* The term 'in any

vehicle' as here used, is not, and by force of reason would not be, limited to the construction that a person must be actually seated within the enclosure of the automobile before a person could be said to be 'in any vehicle'. It might well be anticipated that a person could be invited to ride on a vehicle other than within the enclosure so provided and still be a guest 'in any vehicle,' but we believe the additional term used, i. e., that the person must be injured 'during such ride' contemplates that such a ride by the guest must have been actually commenced. In other words, it was not necessary, as it was before under the former section, to show that the vehicle was 'moving upon any highway,' but only to show that the injury occurred 'during the ride' which would include in that category all the time elapsed from the time of entering the vehicle, and while so continuing such occupancy, until the journey's end. . . . " (pp. 46, 47.)

It is noted that both the Ohio decision (*Economou v. Anderson,* supra) and the California decision (*Smith v. Pope,* supra) mention the fact that their guest statutes are in derogation of the common law and, as a consequence, must be strictly construed. By reason thereof, the appellee challenges the persuasive effect of these decisions in Kansas because K. S. A. 77-109 provides:

"The common law as modified by constitutional and statutory law, judicial decisions, and the conditions and wants of the people, shall remain in force in aid of the General Statutes of this state; *but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this state, but all such statutes shall be liberally construed to promote their object.*" (Emphasis added.)

The foregoing statute has been considered in connection with the Kansas guest statute in *Wright v. Pizel,* 168 Kan. 493, 214 P. 2d 328.

In spite of the foregoing statute, which requires a liberal construction of the Kansas guest statute to promote its object, the statute should not be extended beyond the situations it was intended to remedy. (*Thomas v. Hughes,* 177 Kan. 347, 353, 279 P. 2d 286.) It should not be extended, therefore, to situations involving one who was not transported. The statute is designed to serve as a shield, and not a sword, for the owner or operator of an automobile. (*Ehrsam v. Borgen,* 185 Kan. 776, 780, 347 P. 2d 260.)

The factual situation presented herein has not previously been considered by this court in connection with the guest statute, and while authorities from other states interpreting similar statutes are helpful, they do not control in construing our own guest statute.

Here the appellee had not yet begun to physically transport the appellant. Therefore, the appellant was not one "who is transported," and she does not have to allege and prove gross and wanton negligence to recover damages from the appellee.

*Marsh v. Hogeboom,* supra, is distinguishable on the ground that the plaintiff there had ridden with the defendant—had been transported—and was injured after she had alighted from the vehicle but was in the process of closing the door. The act of closing the door was part of the gratuitous undertaking performed by the defendant. The fact that the plaintiff had been transported in the *Marsh* case indicates that the terms of the statute applied, and the only question was: When did the transportation cease under the guest statute? Here the appellant had not been transported, and the statute would not be applicable in the first place.

We hold the appellant in the instant case was not being transported, and the guest statute applies only to those who are actually being transported.

Accordingly, the judgment of the lower court is reversed.