**Ethel STEIN, Appellant,**

**v.**

**Greta STAT et vir, Appellees.**

**No. 14864.**

Court of Civil Appeals of Texas, San Antonio.

June 24, 1970.

Rehearing Denied July 22, 1970.

Tinsman & Cunningham, Inc., Michael Rizik, San Antonio, for appellant.

Huson, Clark & Thornton, Robert Summers, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, Ethel Stein, brought this suit to recover damages from appellees, Greta Stat and husband, Isidore Stat, for personal injuries sustained in a fall as a result of Mrs. Stat's moving her car forward while Mrs. Stein was in the process of getting out of the back seat. The question presented is whether appellant was a guest, within the meaning of the Texas Guest Statute, Art. 6701b, Vernon's Ann.Civ.St. at the time of the accident. The trial court held as a matter of law that she was a guest and granted a take-nothing judgment based on certain stipulations and undisputed evidence.

On June 7, 1968, Mrs. Stat, hereinafter referred to as defendant, picked up Mrs. Stein, hereinafter referred to as plaintiff, and her sister, Mrs. Harry Epstein, to go to the funeral of a close mutual friend. There was no room in the parking lot of the funeral home and, after circling the block in an unsuccessful attempt to find a curbside parking place, it was mutually agreed that the two passengers would get out and defendant would go park the car. Defendant stopped the car on Main Avenue in the traffic lane but left the motor running, so that the two passengers could get out. Mrs. Epstein was in the right front seat and she successfully got out and closed the right front car door. Plaintiff was in the right rear seat and was a little slower in getting out. Several cars behind defendant honked and this apparently rattled defendant, in that she started forward while plaintiff was half in and half out of the car. Plaintiff's right foot was on the ground, but her other foot was still in the car when the car started. The forward motion of the car caused plaintiff to fall to the ground and she sustained personal injuries. It was stipulated that plaintiff was transported by defendant without payment and that the accident occurred on a public highway or street of the City of San Antonio. Both sides moved for an instructed verdict at the close of the evidence.

The Texas Guest Statute provides in part: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries * * *, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." Plaintiff made no effort to plead gross negligence and concedes on this appeal that if the guest statute applies, the take-nothing judgment was proper.

In Satterfield v. Satterfield, 448 S.W.2d 456 (Tex.Sup.1969), the Supreme Court stated the following test for construction of this statute: "While Texas follows the rule that statutes in derogation of the common law are not to be strictly construed, it is recognized that if a statute creates a liability unknown to the common law, or deprives a person of a common law right, the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview." See Const. Art. 10, Sec. 8, Vernon's Ann.Civ.St.

We have found no Texas case squarely in point. In Hickman v. Finlay, 392 S.W. 2d 147 (Tex.Civ.App.—Austin 1965, writ ref'd), the guest statute was held to be inapplicable where plaintiff was struck by an open door while standing near the driveway talking with friends. The Court emphasized that the plaintiff had not begun to get in the car and was not in actual contact with the vehicle in which she was to become a guest. A similar holding was made in Paul v. Floyd, 337 S.W.2d 632 (Tex.Civ.App.—Texarkana 1960, writ ref'd), where the plaintiff was struck by her host's vehicle after she had gotten out of the vehicle and was walking on the sidewalk in front of same.

A majority of the jurisdictions which have had occasion to pass upon the matter held that the host-guest relationship continues until the guest has safely alighted at the completion of the journey. The Oregon Supreme Court in Tarbet v. Green, 236 Or. 361, 388 P.2d 468 (1964), in a case squarely in point held that the plaintiff's status as a guest continued while she was in the act of alighting from the car. The same holding was made by the Utah Supreme Court in Andrus v. Allred, 17 Utah 2d 106, 404 P.2d 972, where the guest was injured when the car rolled

forward while the guest was alighting and had one foot on the ground. The Utah Court said that the host-guest relationship must include getting into the car at the beginning and getting out of it when the ride is completed and any incidents which happen in the course of and arising out of the ride. See also: Marsh v. Hogeboom, 167 Kan. 349, 205 P.2d 1190 (1949); Castle v. McKeown, 327 Mich. 518, 42 N.W.2d 733 (1950); Tallios v. Tallios, 350 Ill.App. 299, 112 N.E.2d 723 (1st Div. 1953); Adams v. Baker, 317 Mass. 748, 59 N.E.2d 701 (Sup.Jud.Ct. of Mass. 1945); Rainsbarger v. Shepherd, 254 Iowa 486, 118 N.W.2d 41 (1962); Kaplan v. Taub, 104 So.2d 882 (Fla.Dist.Ct. of App.3rd Dist. 1958); Dunakin v. Thomas, 141 F.Supp. 377 (D.C., New Mexico 1956); Annotation, 50 A.L.R.2d 974; Blashfield, Automobile Law and Practice, § 212.17.

Plaintiff relies primarily upon the holding by the California Court of Appeals (4th District) in Elisalda v. Welch's Sand & Gravel Co., 260 Cal.App.2d 46, 67 Cal. Rptr. 57 (1968, no writ), wherein it was held that a fact issue was raised as to whether a plaintiff who was injured while getting off the front fender was "riding in said automobile" within the meaning of the California Guest Statute.[1] We do not believe that such case is controlling for several reasons: In the first place, the holding is clearly based on the construction of the California statute which differs from the Texas statute in language, and also by requiring a strict construction. Secondly such holding is of limited value in that plaintiff was found to be a business invitee. This holding is based on Boyd v. Cress, 46 Cal.2d 164, 293 P.2d 37 (1956), wherein it was said that for the California statute to apply it must appear: (1) that the plaintiff accepted a "ride" as a guest; (2) that the ride was

---

1. Other Courts have held that a plaintiff was not a guest although partially in the vehicle while attempting to enter same. See Clinger v. Duncan, 166 Ohio St. 216, 141 N.E.2d 156 (1957); Chapman v. Parker, 203 Kan. 440, 454 P.2d 506 (1969); McCann v. Terhune, 12 Mich. App. 364, 162 N.W.2d 906 (1968); Economou v. Anderson, 4 Ohio App.2d 1, 211 N.E.2d 82 (Ohio Ct. of App. 1965).

in a vehicle upon a highway; and (3) that death or injury was suffered by the guest "during such ride." The Court said, however, that the protection of the guest statute extends only to injuries suffered "during such ride," in the sense that the plaintiff remained in or upon the vehicle at the time of the accident. After the guest steps out of the automobile, he enters into a pedestrian or nonguest status.

The California Court of Appeals (5th District), in Trigg v. Smith, 246 Cal.App. 2d 510, 54 Cal.Rptr. 858 (1966, no writ), rejected the narrow concept of guest as urged herein by plaintiff and held that the term "ride" means transportation from one point to another and often back again to the starting point, including the whole time from start to finish during which the guest is in the automobile. It was said: "In the ordinary viewpoint of people who talk about going for a ride and that includes most of the population these days, the concept of the beginning of the ride is when the guest enters an automobile, and the concept of the end of the ride is when the guest leaves the automobile and alights once more upon the ground."

Plaintiff urges that the guest statute is inapplicable in that at the time of the accident she was not being transported in that the parties had arrived at the funeral home. Furthermore, she points out that the negligence of defendant occurred while defendant was moving the car forward to commence a second trip, and a trip on which plaintiff was not to be a passenger. It is true that the accident was the result of defendant's starting forward to go park the car before plaintiff had gotten out of the car. However, the crucial issue is whether plaintiff's act in getting out of the car was an incident of the gratuitous transportation of plaintiff by defendant to the funeral home.

In our judgment, such transportation would not end until the passenger had alighted from the vehicle. Such holding is consistent with the language used in almost all the above cases and consistent with the apparent purpose of the Legislature in adopting the Texas Guest Statute. Accordingly, we hold that plaintiff was a guest while in the process of getting out of defendant's car.

The judgment of the trial court is affirmed.