**Peggy HULL, Appellant,**

v.

**Autie Bruce CHAPMAN, by next friend, Billie J. Chapman, Appellee.**

**No. 539.**

Court of Civil Appeals of Texas, Tyler.

Feb. 25, 1971.

Rehearing Denied March 25, 1971.

**706**

Ramey, Brelsford, Flock, Devereux & Hutchins, Tom B. Ramey, Jr., Mike A. Hatchell, Tyler, for appellant.

Yarborough, Yarborough, Johnson & Hinds, Donald V. Yarborough, Dallas, for appellee.

MOORE, Justice.

This is a venue case. Plaintiff, Autie Bruce Chapman, a minor, instituted this suit by and through Billie J. Chapman, his mother, as next friend, against Peggy Hull in the District Court of Van Zandt County, Texas. Plaintiff sought to recover damages for personal injuries alleged to have been sustained by him when the defendant backed her pickup truck over him while he was walking on the side of the highway near the city of Grand Saline, Van Zandt County, Texas. He alleged in his petition that the defendant was guilty of negligence in the operation of the truck and that such negligence proximately caused his injuries. Defendant, Peggy Hull, filed a plea of privilege to be sued in Dallas County, the place of her residence. Plaintiff replied with a controverting affidavit claiming venue in Van Zandt County under sec. 9a, Article 1995, Vernon's Ann.Civ.St., alleging that the defendant was negligent in failing to keep a proper lookout, in backing her truck over him when she did not have a clear vision of what was behind her, in failing to timely apply the brakes and in operating the truck without sufficient rear view mirrors to give her a view of the highway to her rear. Upon a hearing before the court without a jury, the plea of privilege was overruled. Defendant, Peggy Hull, hereinafter referred to as "appellant" duly perfected this appeal.

Appellant urges that the trial court erred in overruling her plea of privilege because at the time of the accident, Bruce Chapman was her "guest" within the meaning of Article 6701b, V.A.C.S., 1925, and plaintiff failed to prove by a preponderance of the evidence that the accident in question was caused either by an intentional act on appellant's part or by her "gross negligence" in Van Zandt County. In reply, appellee contends that he cannot be classified as a "guest" under the guest statute, because at the time of his injury he was not an occupant of appellant's vehicle

and was not being transported over a public highway as required by the statute. Therefore he argues that since the evidence shows ordinary negligence on the part of appellant, a judgment of the trial court in overruling the plea of privilege should be sustained. Plaintiff made no effort to plead or prove gross negligence and concedes that if the guest statute applies, the cause should be transferred to Dallas County.

The pertinent provisions of Article 6701b, supra, known as the "guest statute", read as follows:

"Section 1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

When viewed in a light most favorable to the trial court's ruling, the record shows that on or about December 31, 1969, appellant, Peggy Hull, invited the four children of Mrs. Billie J. Chapman to accompany her and her children on an overnight camp-out near Grand Saline, Van Zandt County, Texas, for the purpose of celebrating one of her children's birthday. The trip originated in Garland, Dallas County, and was made in a pickup truck with a top over the bed, commonly known as a "camper". After arriving at their destination and spending the night, Mrs. Hull decided to go into Grand Saline to purchase some ice cream and candy for the boys. This trip was made in the camper by the appellant, her son, Donnie, appellee, Autie Bruce Chapman, Chuck Chapman, and Rusty Chapman. On the way to Grand Saline an old sweat shirt blew out of the truck and onto the side of the road. As the shirt was old, no effort was made to stop and retrieve it,

but some suggestion was made that they would pick it up on their return trip. On the return trip back to the camp site, appellant and her son, Donnie, and Chuck Chapman were riding in the front while Autie Bruce and Rusty Chapman were riding in the "camper" on the back. As the truck approached the scene where the sweat shirt fell out of the truck, the boys asked the appellant if she was going to stop for the shirt. When they discovered the shirt on the side of the road, appellant stopped the truck within about 50 yards. At that time Chuck left the front seat to go back and pick it up. After he had gotten out, appellant put the truck in reverse and commenced moving it backwards. According to Rusty Chapman who was riding in the back of the truck, at or about the time the truck stopped and started backing up, he saw his brother, Autie Bruce Chapman, get out of the back of the "camper". He testified that he could see the back of his head after he had gotten out and that he was in the process of going down the road behind the pickup. According to his testimony, Autie Bruce Chapman was upright and on his feet and was not lying on the ground at the time he was struck by the truck. While he testified that he did not see him at the time he was struck, he felt the truck hit a bump. It then stopped and pulled forward and hit another bump. Peggy Hull testified that while she could not see the appellee at the time he was struck, she felt a bump as if the truck had run over something. She testified that she stopped immediately and pulled forward and then felt another bump as she drove over his body the second time. Mrs. Hull was unable to estimate how far she had backed before the truck struck Bruce; however, she testified that she felt the truck run over a bump only seconds after she started backing. It is without dispute that the appellee, Autie Bruce Chapman, was seriously injured. It is likewise without dispute that all of the Chapman children were on the trip to Grand Saline at the invitation of the appellant, who was to provide all the transportation and lodging for the

outing without any monetary remuneration.

The primary question presented is whether, as a matter of law, under the foregoing facts, the appellee, Autie Bruce Chapman, was a guest of appellant within the meaning of the Texas Guest Statute, Article 6701b, supra, at the time he was struck and injured by appellant's pickup truck. Appellant argues that the Texas guest statute applies to any and all incidents which occur between the beginning and completion of the journey and that the insured party's physical position, whether inside or outside the automobile, makes no difference so long as the injury occurs during the course of carrying out the gratuitous undertaking, citing Stein v. Stat, 456 S.W.2d 750 (Tex.Civ.App., San Antonio, 1970, n.w.h.). We are not in accord with this proposition.

While the Court in Stein v. Stat, supra, recognizes in the course of its opinion that some jurisdictions follow the rule advocated by appellant, we do not believe the adoption of the rule was necessary to sustain the holding. In that case, the guest had not yet completely alighted from the vehicle. The court held that the host-guest relationship existed because the transportation had not ended. In other words, the court merely held that the guest statute was applicable because the guest, at the time of injury, was being "transported". At any rate, since the guest in that case had not gotten out of the automobile, the facts in that case are clearly distinguishable from the facts in the instant case. Our problem here is to determine whether the Texas guest statute applies to a situation where a guest momentarily departs from the host's vehicle and is injured by the host prior to the end of the journey.

We have found no Texas case which we consider to be directly in point. Other cases from other jurisdictions, upon fact situations similar to the instant case, have reached different conclusions depending to a large extent upon the precise circumstances involved and upon the particular wording of the guest statute in force in the particular jurisdictions. Most of the cases are collected in 50 A.L.R.2d 974, where a variety of holdings will be found. A construction of the statute appears to be in order.

■ The Texas guest statute, supra, is in derogation of the common law. While our law provides that statutes in derogation of the common law are not to be strictly construed, our courts recognize the rule that if a statute creates a liability unknown to the common law, or deprives a person of a common law right, the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to situations it was not intended to remedy. Satterfield v. Satterfield, 448 S.W.2d 456 (Tex.Sup., 1969).

As we interpret it, the statute provides that in order for a host to claim the benefit of lessened liability granted by the statute, it must appear (1) that the injured party was a guest and (2) that the guest was injured while being "transported".

Since the statute does not define the word "transported", the ordinary and accepted meaning of the word must be applied. According to Black's Law Dictionary (4th Ed.) 1951, page 1670, the word "transport" means "to carry or convey from one place to another." Thus, the word "transport", when used in its ordinary and accepted meaning, implies movement. While the Texas statute does not specifically provide that the guest must be transported "in or upon" the host's vehicle, common sense teaches that a person cannot be carried, conveyed or transported without being "in or upon" the vehicle being used for such purpose.

■ According to the testimony most favorable to the judgment, appellee was completely outside of the truck and was walking down the side of the road at the time he was struck by appellant. To say that appellee, under such circumstances,

was being "transported" at the time appellant backed her truck over him would be contrary to the facts. Moreover it would strain the natural meaning of the word and would result in extending the statute to situations clearly not within its purview. Had the legislature intended the statute to cover situations where the guest was not being transported by the host at the time of injury, it could have so provided. As we construe it, the statute provides that in order to claim the benefits of the lessened liability, it must appear that the owner, operator or person responsible for the operation of the automobile, invited the guest to ride, and, as a result of the operation of the automobile, while in the process of being driven from one place to another, the guest was injured. Consequently, in this instance when plaintiff left defendant's pickup truck to retrieve the shirt, he temporarily, at least, removed himself from the category of one being "transported" and would not have resumed a guest status until he again entered the truck. In order to hold the statute applicable to the fact situation presented here, we would be compelled to either ignore the legislative mandate requiring that the injured party be in the process of being "transported" or else indulge in the fictional proposition that appellee was actually being "transported" because his conduct in leaving the truck to retrieve the shirt was incidental to the actual transportation. Since appellee was not being carried or conveyed at the time of his injury, we hold that he was not being "transported" and as a result the benefits of the Texas guest statute were not available to appellant. Other jurisdictions having somewhat similar statutes have interpreted the statutes in a similar manner. Clinger v. Duncan, 166 Ohio St. 216, 141 N.E.2d 156 (1957); Economou v. Anderson, 4 Ohio App.2d 1, 211 N.E.2d 82 (1965); McCann v. Terhune, 12 Mich.App. 364, 162 N.W.2d 906 (Mich., 1968); Chapman v. Parker, 203 Kan. 440, 454 P.2d 506 (1969); also see Boyd v. Cress, 46 Cal.2d 164, 293 P.2d 37 (1956). In so holding we recognize that some of the cases cited in Stein

v. Stat, supra, hold to the contrary. However in view of the wording of our statute, we think the reasoning adopted by the cases which we have cited represent the better view. Appellant's first point is overruled.

 The existence of both negligence and proximate cause are ordinarily questions to be determined by the trier of the fact. While the record is before us without findings of fact or conclusions of law, the trial court by implication at least, found the appellant guilty of at least one of the acts of ordinary negligence alleged by appellee. As we view the record, there is ample evidence to sustain the trial court's findings of ordinary negligence occurring in Van Zandt County proximately causing the injuries. Under such circumstances, the judgment will not be disturbed on appeal. 4 Tex.Jur.2d, sec. 839. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.